UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CRYSTAL M. MOFFITT, et. al.,              )<br>                                                                    )<br>          **Plaintiffs,**                         )<br>                                                                    )<br>     vs.                                                     )<br>                                                                    )<br>BANK OF AMERICA, N.A. by merger with  )<br>COUNTRYWIDE BANK, F.S.B., et. al.,      )<br>                                                                    )<br>          **Defendants.**                     )  | Cause No. 1:09-cv-977-WTL-JMS |

### ENTRY ON MOTION TO DISMISS

The parties are before the Court on a Motion to Dismiss brought by Bank of America, N.A. ("BOA") (Docket No. 15). The motion is fully briefed, and the Court being duly advised, **DENIES** the motion for the reasons set forth below.

### I. LEGAL STANDARD

In reviewing a motion to dismiss under Fed. R. Civ. Proc. 12(b)(6), the court must take the facts alleged in the complaint as true and draw all reasonable inferences in favor of the plaintiff. The complaint must contain only "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and there is no need for detailed factual allegations. However, the statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" and the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Pisciotta v. Old Nat. Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

### II. BACKGROUND

In 2008, the Plaintiffs, Crystal Moffitt and her husband Roberto Rezza, began looking for

their first home.  To assist them with the loan process, the Plaintiffs contacted Defendant Aaron Mortgage Company ("Aaron").  On December 5, 2008, the Plaintiffs submitted information to Aaron to help them pre-qualify for a home loan.  Several months later the Plaintiffs made an offer to purchase their "perfect first home."  Compl. ¶ 11.  The seller accepted the Plaintiffs' offer and a tentative closing date was set.  The Plaintiffs then contacted Aaron, informed them that they had found a home, and asked to meet with their broker to complete a home loan application.  On February 18, 2009, the Plaintiffs met with their Aaron broker and completed the documents necessary to obtain a home loan.  Aaron then submitted the loan file to Countrywide.[1]  Several days later the Plaintiffs received a welcome package from Countrywide including documents entitled "Your Loan Terms and Features," "Good Faith Estimate," and "Trust in Lending Disclosure Statement."  *Id.* ¶ 17.  Around this same time the Plaintiffs met with Aaron employees and provided additional information including copies of their social security cards, drivers licenses, income tax returns, and employment and bank records.

Several days before the Plaintiffs were to close on their house, an Aaron employee told the Plaintiffs that Countrywide had not approved their loan.  The Aaron employee showed the Plaintiffs a computer screen that contained several conditions for loan approval.  The Plaintiffs met each of the conditions.  The Plaintiffs never received written notice from Countrywide stating why their loan was not approved.  Thus, the Plaintiffs instituted this suit alleging violation of the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691(d) (2006).

---

[1] The events giving rise to this litigation were between the Plaintiffs and Countrywide.  In April 2009, BOA acquired Countywide through a merger.  Unfortunately for BOA, it also acquired this lawsuit.

## III.  DISCUSSION

The ECOA states that within thirty days after receiving a completed application for credit, a creditor "shall notify the applicant of its action on the application."  15 U.S.C. § 1691(d)(1) (2006).  If the creditor has taken adverse action against an applicant, the creditor must provide the applicant with "a statement of reasons for such action."  *Id.* § 1691(d)(2).  To satisfy this requirement the creditor may either provide a statements of reasons in writing to applicants against whom adverse action is taken or the creditor may provide written notification of the adverse action and disclose the applicant's right to a statement of reasons and the identity of the person or office who will provide the statement of reasons.  *Id.*  "A statement of reasons meets the requirements of this section only if it contains the specific reasons for the adverse action taken."  *Id.* § 1691(d)(3).

In order to state a claim for relief under the ECOA, the Plaintiffs must allege that: (1) they were applicants; (2) Countrywide was a creditor; (3) they submitted a completed application to Countywide; (4) Countywide took adverse action against them; (5) Countywide did not inform the Plaintiffs of the reasons for the adverse action; and (6) there is no exception to the ECOA notice requirements applicable in this case.  BOA claims that the Plaintiffs' Complaint must be dismissed because they have not alleged elements 1, 2, 3, or 5.  BOA also argues that because Aaron could have sent the Plaintiffs' file to more than one lender, Countrywide did not have any obligation to inform the Plaintiffs of the adverse action.

BOA's final argument – that Aaron could have sent the Plaintiffs' file elsewhere and thus Countywide had no duty to inform the Plaintiffs of the reasons for the adverse action – is quickly disposed.  The Regulations interpreting the ECOA state: "When an application is made on behalf

of an applicant to more than one creditor and the applicant expressly accepts or uses credit offered by one of the creditors, notification of action taken by any of the other creditors is not required." 12 C.F.R. § 202.9(g) (2007). "If no credit is offered or if the applicant does not expressly accept or use the credit offered, each creditor taking adverse action must comply with this section." *Id.* Nothing in the Plaintiffs' Complaint indicates that Aaron submitted their loan application to more than one lender. Nor does the Complaint aver that the Plaintiffs accepted credit offered by another lender. In short, because there is a plausible set of facts that support the Plaintiffs' claim against Countrywide and BOA, dismissal under Rule 12(b)(6) is not appropriate.

Next, BOA argues that the Plaintiffs have not alleged that they were "applicants" or that Countrywide was a "creditor" as those terms are defined by the ECOA. The statute defines an "applicant" as "any person who applies to a creditor directly for an extension, renewal, or continuation of credit, or applies to a creditor indirectly by use of an existing credit plan for an amount exceeding a previously established credit limit." 15 U.S.C. § 1691a(b). In the instant case the Plaintiffs allege in paragraph 14 of their Complaint that they signed "an application and other documents . . . to complete the process of obtaining a home loan." In paragraph 15 they allege that Aaron submitted their loan application to Countrywide. Accordingly, at this point in the litigation, the Plaintiffs have alleged sufficient facts to support their assertion that they were applicants under the ECOA.

Similarly, the Plaintiffs have also provided enough facts to support their allegation that Countrywide was a creditor. A "creditor" is "any person who regularly extends, renews, or continues credit; any person who regularly arranges for the extension, renewal, or continuation

of credit; or any assignee of an original creditor who participates in the decision to extend, renew, or continue credit." *Id*. § 1691a(e). In paragraph 6 of the Complaint, the Plaintiffs allege that Countrywide was "one of the largest and most profitable residential mortgage lenders." This is sufficient to support an allegation that Countywide is a creditor under the ECOA. Accordingly, the Plaintiffs have sufficiently stated the first two elements of an ECOA claim.

BOA also asserts that the Plaintiffs "failed to allege sufficient facts showing that they submitted to Countrywide a completed Countrywide application." Def. Br. at 5. BOA notes that because the ECOA only applies to completed applications, if the Plaintiffs' application was incomplete, then they have no claim under the statute. "A completed application means an application in connection with which a creditor has received all the information that the creditor regularly obtains and considers in evaluating applications for the amount and type of credit requested." 12 C.F.R. § 202.2(f) (2003). In the instant case the Plaintiffs' Complaint alleges that they filled out "an application and other documents," Compl. ¶ 14, and they submitted additional information upon Aaron's request. *Id.* ¶ 18. Thus, the Plaintiffs have plead a plausible set of facts that would allow them to recover. This is enough to preclude dismissal under Rule 12(b)(6).

Finally, BOA argues that the Plaintiffs received written notice of an adverse action when they saw the print out on Aaron's computer screen that showed several conditions for loan approval. BOA claims that this precludes the Plaintiffs' case. BOA is wrong. The ECOA requires that the

> notification given to an applicant when adverse action is taken . . . be in writing and . . . contain a statement of the action taken; the name and address of the creditor; a statement of the provisions of § 701(a) of the Act; the name and address of the federal agency that administers compliance with respect to the

5

>creditor; and either: (i) A statement of specific reasons for the action taken; or (ii) A disclosure of the applicant's right to a statement of specific reasons within 30 days.

12 C.F.R. § 202.9(a)(2). Nothing in the Plaintiffs' Complaint indicates that they received this type of notice. All they saw on the computer screen were "several conditions for loan approval [and] Plaintiffs met each of the loan conditions." Compl. ¶ 23. Because there is a plausible set of facts that support the Plaintiffs' theory, their Complaint survives BOA's motion to dismiss.

## CONCLUSION

For the foregoing reasons, the Defendant's Motion to Dismiss (Docket No. 15) is **DENIED**.

SO ORDERED: 12/29/2009

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana


Copies to:

Sean M. Clapp
sean@seanmclapp.com

J. Spencer Harmon
Stites & Harbison, LLP
sharmon@stites.com

Christine M. Jackson
Chris Jackson Law, LLC
chris@chrisjacksonlaw.com

Bruce Benjamin Paul
Stites & Harbison, LLP
bpaul@stites.com